**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

LUXCO, INC.,

       Plaintiff,
v.

XANTERRA PARKS & RESORTS, INC.,

       Defendant.

**COMPLAINT AND JURY DEMAND**

For its Complaint against Defendant Xanterra Parks & Resorts, Inc. ("Xanterra" or "Defendant"), Plaintiff Luxco, Inc., ("Luxco" or "Plaintiff") states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq. and the common law.

**PARTIES**

2. Plaintiff Luxco, Inc. is a Missouri Corporation with a principal place of business at 5050 Kemper Avenue, St. Louis, Missouri 63139.

3. Defendant Xanterra Parks & Resorts, Inc. is a Delaware Corporation with a principal place of business at 6312 South Fiddlers Green Circle, Greenwood Village, Colorado 80111.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over Luxco's federal trademark infringement and unfair competition claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because this case presents federal questions arising under the Lanham Act. This Court has supplemental jurisdiction over Luxco's state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5.  The exercise of personal jurisdiction over Defendant comports with Colorado law and with the constitutional requirements of due process because Defendant's principal place of business is in this District, its agents reside in this District, and it transacts business within this District.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## FACTUAL BACKGROUND

### PLAINTIFF LUXCO'S BUSINESS AND THE YELLOWSTONE TRADEMARK

7.  Plaintiff Luxco is a consumer products company that specializes in production, bottling, importing, and marketing a wide range of beverage alcohol products. Among the brands in Luxco's portfolio is the iconic YELLOWSTONE® brand that has been used for more than a century in connection with the advertising and sale of high-quality, award-winning bourbon whiskey:



8. First used November 1878, a 1930 federal trademark application for the YELLOWSTONE and Design Trademark matured into U.S. Trademark Registration No. 280,199 (the "'199 Registration") on February 10, 1931 (the "YELLOWSTONE® Design Mark"):



9. Luxco is the owner of the '199 Registration for the YELLOWSTONE® Design Mark for use in connection with International Class 33 goods and services, namely "WHISKEY." This federal registration has been incontestable for nearly ninety years. A true and correct copy of the duly and lawfully issued '199 Registration Certificate is attached hereto as **Exhibit A**. The YELLOWSTONE® Design Mark has been continuously used in commerce to advertise, market and sell whiskey since 1878, and the '199 Registration remains in good standing and effect.

10. Luxco also owns incontestable U.S. Trademark Registration No. 5,001,353 (the "'353 Registration") for the word mark YELLOWSTONE for use in connection with International Class 33 goods and services, namely "alcoholic beverages except beers" (the "YELLOWSTONE® Word Mark"). A true and correct copy of the duly and lawfully issued '353 Registration Certificate is attached hereto as **Exhibit B**. As recognized by the '353 Registration, the YELLOWSTONE® Word Mark has been continuously used in commerce to advertise, market and sell alcoholic beverages since 1878, and the '353 Registration remains in good standing and effect.

11. As a result of its incontestable trademark registrations, the long-term use of "Yellowstone" to advertise and sell whiskey, and the accompanying goodwill that is owned and enjoyed in its entirety by Luxco, Luxco has the exclusive right to use the YELLOWSTONE® Design Mark and the YELLOWSTONE® Word Mark (collectively the "YELLOWSTONE® Marks") throughout the United States.

12. Luxco and its predecessors in ownership have expended significant sums of money, time, and effort over the course of 144 years in promoting and popularizing Luxco's alcoholic beverages sold under the YELLOWSTONE® Marks.

13. As a result of the substantial investment in advertising and promotion of products under the YELLOWSTONE® Marks, and continuous and extensive nationwide sales of the same, and through the exercise of control over the quality of goods sold under the YELLOWSTONE® Marks, the YELLOWSTONE® Marks have amassed substantial and valuable goodwill and consumer recognition.

14. For example, in the past several years alone, Luxco's award-winning YELLOWSTONE® whiskey products have been the recipients of Gold Medal awards at the 2018 and 2022 San Francisco World Spirits Competition, a Double Gold Medal award at the San Francisco World Spirits Competition, Gold Medal Awards SIP Awards in 2018 and at the L.A. Sprits Awards in 2020, and a Silver Medal Award at the 2019 International Spirits Challenge, among others.

15. Through Luxco's extensive promotional activities, Luxco's products, packaging, and trademarks have all become well-known and are associated with Luxco. Luxco's YELLOWSTONE® products, packaging, trademarks, and their associated goodwill, are all valuable assets of Luxco, as consumers closely associate the YELLOWSTONE Marks with Luxco and its goods.

**DEFENDANT'S INFRINGING AND UNFAIR ACTIVITIES**

16. According to its website, Defendant Xanterra is "the largest operator of lodges, restaurants and other concessions at national and state parks in the United States."

17. Among the national parks in which Xanterra operates is Yellowstone National Park—a park that spans Wyoming, Montana and Idaho.

18. And among the products sold by Xanterra through its Yellowstone National Park operations beginning in 2022 is a YELLOWSTONE branded bottle of bourbon whiskey, distilled by Bozeman Spirits in Bozeman, Montana (the "Infringing Whiskey"). Luxco learned of the Infringing Whiskey after the Infringing Whiskey was seen on store shelves inside Yellowstone National Park:



19. In pre-litigation correspondence where Luxco outlined its long-standing and incontestable trademark rights for "YELLOWSTONE" in connection with alcoholic beverages and specifically "whiskey," Bozeman Spirits revealed that Xanterra "hired Bozeman Spirits to produce a whiskey to commemorate [Yellowstone National] Park's 150th anniversary." Bozeman Spirits further stated that it "sold Xanterra all the subject product [depicted above] and is not currently producing more."

20. Despite a demand that all sales of the Infringing Whiskey cease, Bozeman Spirits informed Luxco that "Xanterra is currently selling the product at three locations in [Yellowstone National] Park" and "will sell through the winter season and into next year until there is no remaining inventory."

21. Because consumers are likely to associate or confuse Xanterra's Infringing Whiskey with Luxco's well-known YELLOWSTONE® Whiskey, Xanterra has infringed and continues to infringe Plaintiff's '199 and '353 Registrations, and has engaged and continues to engage in unfair competition in the United States, including by directing those infringing activities from this Judicial District.

22. Because Luxco's award-winning YELLOWSTONE branded whiskey is a premium product distilled and packaged under strict standards, any association with a whiskey outside the control of Luxco and its team is likely to tarnish the reputation of Luxco and its YELLOWSTONE brand.

23. With actual knowledge of Luxco's YELLOWSTONE® Marks, Xanterra's refusal to cease marketing and sales of the Infringing Whiskey makes its infringement deliberate and willful.

24. Xanterra has not ceased its infringing activities or unfair competition, or otherwise compensated Luxco for damages caused by its actions. As a direct and proximate result of Xanterra's actions described herein, Luxco has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until Xanterra's actions as alleged herein are preliminarily and permanently enjoined.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement, 15 U.S.C. § 1114**

25. Plaintiff Luxco incorporates each of the preceding paragraphs as if fully set forth herein.

26. Defendant Xanterra's unauthorized use of "YELLOWSTONE" to advertise and sell bourbon whiskey—the exact same product for which Luxco's YELLOWSTONE® Marks have long been well-known—is likely to cause confusion, or to cause mistake or to deceive Xanterra's customers, potential consumers, and/or the public as to the source or sponsorship of Xanterra's goods. Xanterra's conduct creates a likelihood of confusion by creating a false impression that Plaintiff Luxco is the source of or somehow sponsors Xanterra's goods.

27. As of the time of this filing, Xanterra was on both actual and constructive notice of Luxco's exclusive rights in the YELLOWSTONE® Marks.

28. Defendant Xanterra has no right, license or authority from Plaintiff Luxco to use the YELLOWSTONE® Marks, or any other mark confusingly similar thereto.

29. Xanterra's acts constitute infringement of Luxco's federally-registered '199 and '353 trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Upon information and belief, neither Xanterra nor any other third-party owns any federal or state trademark registrations for any mark that includes, in whole or in part, the word

"YELLOWSTONE" for use in connection the advertising and sale of whiskey or other liquor, and cannot assert any rights that are prior to Luxco.

31. Upon information and belief, Xanterra is intentionally using Luxco's trademarks to trade off of the reputation and goodwill embodied in the YELLOWSTONE® Marks, and to create deception in the marketplace. Xanterra's trademark infringement has been willful and deliberate, with full knowledge of the Plaintiff's '199 and '353 registrations, and Luxco's rights therein.

32. As a direct and proximate result of Xanterra's trademark infringement, Luxco is entitled to recover actual damages in an amount to be proven at trial.

33. Xanterra's conduct has caused and is causing immediate and irreparable injury to Luxco and its valuable YELLOWSTONE® Marks, and will continue to cause damage unless enjoined by this Court. Luxco has no adequate remedy at law.

34. Xanterra's conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Luxco to its attorneys' fees and costs incurred in this action.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition, 15 U.S.C. § 1125(a)

35. Plaintiff Luxco incorporates each of the preceding paragraphs as if fully set forth herein.

36. Defendant's Xanterra's unauthorized use of "YELLOWSTONE" to advertise and sell bourbon whiskey—the exact same product for which Luxco's YELLOWSTONE® Marks are well-known—is likely to cause confusion, or to cause mistake or to deceive Xanterra's customers, potential consumers, and/or the public as to the source or sponsorship of Xanterra's goods. Xanterra's conduct creates a likelihood of confusion by creating a false impression that Plaintiff Luxco is the source of or somehow sponsors Xanterra's goods.

37. Xanterra's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Upon information and belief, neither Xanterra nor any other third-party owns any federal or state trademark registrations for any mark that includes, in whole or in part, the word "YELLOWSTONE" for use in connection the advertising and sale of whiskey or other liquor, and cannot assert any rights that are prior to Luxco.

39. Upon information and belief, Xanterra is intentionally using Luxco's trademarks to trade off of the reputation and goodwill embodied in the YELLOWSTONE® Marks, and to create deception in the marketplace. Xanterra's trademark infringement has been willful and deliberate, with full knowledge of the Plaintiff's '199 and '353 registrations, and Luxco's rights therein.

40. As a direct and proximate result of Xanterra's trademark infringement, Luxco is entitled to recover actual damages in an amount to be proven at trial.

41. Xanterra's conduct has caused and is causing immediate and irreparable injury to Luxco and its valuable YELLOWSTONE® Marks, and will continue to cause damage unless enjoined by this Court. Luxco has no adequate remedy at law.

42. Xanterra's conduct as alleged herein constitutes an exceptional case under 15 U.S.C. § 1117, entitling Luxco to its attorneys' fees and costs incurred in this action.

## THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

51. Plaintiff Luxco incorporates each of the preceding paragraphs as if fully set forth herein.

52. Luxco through its predecessors in ownership was the first to use the YELLOWSTONE® Marks or any marks similar thereto in association with the production and

sale of liquor—namely whiskey. As a result of the continued sale by Luxco of high quality whiskey under the YELLOWSTONE® Marks, the YELLOWSTONE® Marks have become widely known among the general consuming public and the goodwill associated with the YELLOWSTONE® Marks, and liquor sold under the YELLOWSTONE® Marks, have become associated with one single source: Luxco.

53. As a result of the experience, care, and service of Luxco and its predecessors in producing and providing whiskey under the YELLOWSTONE® Marks, Luxco's products have become widely known to have acquired a reputation for excellence. Moreover, the YELLOWSTONE® Marks have become associated with Luxco's products, and have come to symbolize the reputation for quality and excellence of Luxco's products. As such, the YELLOWSTONE® Marks have are inherently distinctive and have acquired substantial secondary meaning among the general consuming public.

54. Xanterra's use of "YELLOWSTONE" in connection with the advertising and sale of bourbon whiskey is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Xanterra's products with Luxco's well-known whiskey.

55. Xanterra is not authorized to use the YELLOWSTONE® Marks or any mark confusingly similar or that in any way represents or implies that Xanterra and/or Xanterra's goods are in any way associated with Luxco or its well-known whiskey.

56. Therefore, Defendant's use of "YELLOWSTONE" constitutes trademark infringement in violation of Colorado common law.

## FOURTH CLAIM FOR RELIEF
### Common Law Unfair Competition

57. Plaintiff Luxco incorporates each of the preceding paragraphs as if fully set forth herein.

58. Defendant Xanterra's conduct as alleged herein constitutes misappropriation of valuable property rights of Luxco, and Xanterra is trading on the goodwill symbolized by Luxco's YELLOWSTONE® Marks, and is thereby likely to confuse and deceive members of the purchasing public as to the source of Xanterra's goods. These activities constitute unfair competition.

59. Xanterra's conduct also constitutes intentional, willful, and reckless disregard of Luxco's rights and an attempt to trade on the goodwill developed and owned exclusively by Luxco, all to the damage of Luxco.

60. As a direct and proximate result of Xanterra's unfair competition, Luxco is entitled to recover actual damages in an amount to be proven at trial.

61. Xanterra's conduct has caused and is causing immediate and irreparable injury to Luxco and will continue to damage Luxco unless enjoined by this Court. Luxco has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Luxco, Inc. respectfully prays for entry of judgment granting:

A. A permanent injunction restraining Defendant Xanterra Parks & Resorts, Inc. and its related subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation therewith, from

infringing Luxco's Lanham Act and common law rights in the YELLOWSTONE® Marks, and from otherwise engaging in unfair competition;

B.     A declaration that Xanterra has infringed the YELLOWSTONE® Marks by the acts complained of herein in violation of 15 U.S.C. § 1114 and/or 15 USC § 1125(a);

C.     A declaration that Xanterra's infringement was deliberate, willful, and in conscious disregard of Luxco's rights pursuant to 15 U.S.C. § 1117 and 1125(a), and at common law;

D.     A declaration that this case is exceptional, pursuant to 15 U.S.C. § 1117.

E.     An award to Luxco of all damages attributable to Xanterra's infringement and unfair competition in an amount according to proof at trial.

F.     That Xanterra be required to account for any and all gross and net sales, revenues, and profits received or derived by Xanterra from the marketing, sale, offering for sale, and/or distribution of products bearing or using any copy or colorable imitation of the YELLOWSTONE® Marks, and an award to Luxco of Xanterra's profits not considered in calculating actual damages.

G.     Any such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Luxco, Inc. hereby demands a trial by jury on all issues so triable.

Dated: November 28, 2022

s/ *Jared B. Briant*
Jared B. Briant
Faegre Drinker Biddle & Reath LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
jared.briant@faegredrinker.com

*Counsel for Plaintiff Luxco, Inc.*

Plaintiff's Address:

5050 Kemper Avenue
St. Louis, Missouri 63139

14